UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00216-TBR

JAMES MANION                                                                                          Plaintiff

v.

JCIM,                                                                                                 Defendant

MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion to Dismiss. (DN 11). Plaintiff has not responded and the time for doing so has elapsed. For the following reasons, Defendant's motion to dismiss (DN 11) will be GRANTED.

BACKGROUND

Plaintiff James Manion, *pro se*, filed this action under Title VII of the Civil Rights Act of 1964. (DN 1). Manion alleges that Defendant JCIM US, LLC ("JCIM") discriminated against him on the basis of his race and sex. Specifically, Manion alleges he was told he would be trained to work on a forklift, but that "Mack Litteral didn't let me, but brouth (sic) in a white lady in and put her on it." (DN 1). Litteral also allegedly accused Manion of being unable to get along with women. Manion also alleges that two supervisors, "Dekita Phipps" and "Coivin Arnld," used profanity towards him. (DN 1).

Manion filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"). On September 4, 2014, the EEOC dismissed Manion's claim and notified him of his right to sue. (DN 1-1). On March 18, 2015, Manion

filed this action. JCIM now moves to dismiss on the basis that Manion's claims are time-barred. Manion has not responded and the time to do so has elapsed.

STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

DISCUSSION

Manion filed this action claiming age and race discrimination. JCIM now moves to dismiss on the basis that Manion's claims are barred because he did not timely file this action after receiving his Notice of Right to Sue.

"Title VII of the Civil Rights Act of 1964 embodies Congress' intent and preference that discrimination complaints be resolved through the administrative process rather than through litigation." *Jackson v. Richards Medical Co.*, 961 F.2d 575, 581 (6th Cir. 1992); *Morgan v. Washington Mfg. Co.*, 660 F.2d 710, 711 (6th Cir. 1981). "To this end, Congress required that a

series of conditions be fulfilled before a Title VII suit can be brought by a private party." *Jackson*, 961 F.2d at 581. "[T]he party claiming discrimination must file a charge with the Commission within a specified period of time after the alleged unlawful employment practice occurred." *Id*. (citing 42 U.S.C. § 2000e-5(e)). "The Commission must then determine whether there is reasonable cause to believe the charge is true, whereupon the Commission may either bring an action against the charged party or dismiss the charge." *Id*. (citing § 2000e-5(f)(1)). If the charge is dismissed the EEOC shall issue to the charging party a Notice of Right to Sue. *Id*. "Only after these steps have been completed may the charging party bring a civil action, and even then, they must file the complaint within ninety days of receiving the right to sue letter." *Id*. "Compliance with this limitation period in 42 U.S.C. § 2000 e-5 is a precondition to asserting a private Title VII action." *Mungen v. Choctaw, Inc.*, 402 F. Supp. 1349, 1352 (W.D. Tenn. 1975) (*quoting Genovese v. Shell Oil Co.*, 488 F.2d 84 (5th Cir., 1973)).

In this case, Manion has not complied with the requirements of 42 U.S.C. § 2000e. The EEOC dismissed Manion's claim and issued a Notice of Right to Sue on September 4, 2014. (DN 1-1). Pursuant to 42 U.S.C. § 2000e-5(f), Manion was required to file a civil action within ninety days after receiving the Notice of Right to Sue. *Minor v. Northville Public Schools*, 605 F. Supp. 1185, 1190-94 (E.D. Mich. 1985) ("Title VII of the Civil Rights Act requires that any civil action arising under the statute be filed within 90 days after receipt of a right to sue 'notice.'") (citing 42 U.S.C. § 2000e-5(f)(1). Manion did not file this action until March 18, 2015—more than six months after he received notice. Accordingly, the Court is required to dismiss Manion's claim. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (dismissing claim filed on the 96th day after receipt of right-to-sue letter and stating

"[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (DN 11) will be GRANTED.

A separate judgment and order shall issue.

cc: Counsel
James Manion
1758 Dixdale Ave
Louisville, KY 40210